UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFNAN PARKER,<br>1226 Oates St., NE<br>Washington, DC 20002,<br><br>       PLAINTIFF<br>vs.<br><br>DISTRICT OF COLUMBIA,<br>1350 Pennsylvania Ave., NW<br>Suite 316<br>Washington, DC 20004,<br><br>CHARLES SAMUEL JONES, JR.<br>*in his individual capacity*,<br>3331 Carpenter St., SE<br>Washington, DC 20002000<br><br>       DEFENDANTS | Case: 1:14-cv-02127   **Jury**<br>Assigned To : Kessler, Gladys **Demand**<br>Assign. Date : 12/16/2014<br>Description: Pro Se Gen. Civil<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### THE PARTIES

1. Plaintiff AFNAN PARKER is a citizen of the District of Columbia.

2. The Department of Employment Services (DOES) is an agency of Defendant DISTRICT OF COLUMBIA, which is a municipal corporation. The DOES runs Project Empowerment.

3. Defendant CHARLES SAMUEL JONES, JR. (hereinafter "CHARLES JONES") is and was, at all times relevant to this Complaint, employed by the DOES as Director of Project Empowerment. At all times relevant to this Complaint, unless otherwise explicitly specified, Defendant CHARLES JONES was acting under color of District law within the scope of his employment at DOES. CHARLES JONES is sued in his individual capacity.



RECEIVED
NOV 21 2014
Clerk, U.S. District and
Bankruptcy Courts

1

## JURISDICTION AND VENUE

4. This action arises under 42 USC § 1983 and the District of Columbia common law.

5. This Court has jurisdiction over the parties and subject matter pursuant to 28 USC §§ 1331 and §1367(a).

6. Venue is proper in this district pursuant to 28 USC § 1391(b)(2) because the events or omissions giving rise to this action occurred in the District of Columbia.

## STATEMENT OF FACTS

7. In the Spring of 2014, AFNAN PARKER enrolled in Project Empowerment.

8. After four weeks of classes, Project Empowerment placed AFNAN PARKER in a series of jobs. First he was placed at Southeast Ministry. He worked there for approximately two months, after which he was sent to Orr Elementary to do custodial work. After working there for two weeks, he was sent to Hillcrest Hills Apartments to do maintenance work. After Hillcrest Hills Apartments did not offer him a permanent position, Project Empowerment brought him back for further development classes around August 2014, and for him to do research to find another job.

9. At the end of August 2014 and beginning of September 2014, AFNAN PARKER verbally complained to CHARLES JONES and Ms. Regina Robinson (a supervisor) and Mr. Kenya Harris (a case manager) about not getting proper help on job placement.

10. After not getting a response that satisfied him, AFNAN PARKER complained in writing to DOES Acting Director F. Thomas Luparello, with a copy sent to CHARLES JONES.

11. As a result of his complaint to the Acting Director, DOES employee Bobbie Strain was sent to talk to AFNAN PARKER.

12. AFNAN PARKER reiterated his concern that he was not being provided with sufficient help with job placement.

13. On September 22, 2014, CHARLES JONES called AFNAN PARKER into his office, shut the door and told him to have a seat.

14. CHALRES JONES said "What's said in here is kept in here." CHALRES JONES then asked why AFNAN PARKER send a complaint "upstairs." AFNAN PARKER asked what he was talking about. CHARLES JONES said, "You know what I'm talking about. You went to those people upstairs. You're going to find yourself thrown out of the program and you're not going to get paid."

15. AFNAN PARKER replied, "Yes I am going to get paid. I come here and sign in and do what I'm supposed to."

16. JONES said, "I have pull and I have connections. I can get you a job at DPW or DDOT if you do what I ask you to."

17. AFNAN PARKER asked, "What do you want me to do, Mr. Jones? I need a job because I'm going through hardship. What do you want me to do, study harder?"

18. CHARLES JONES replied, "I want to go down on you and give you a blow job. I want to screw you and I want you to screw me."

19. CHARLES JONES added that he wanted the two of them to hang out at "the Mill," referring to the gay bar known as The Bachelor's Mill.

20. AFNAN PARKER replied, "I'm not into that. I don't go like that and I'm not going to do that for a job."

21. AFNAN PARKER then left the office and went back to the classroom.

22. The next day, September 23, 2014, AFNAN PARKER returned to class and signed in.

23. AFNAN PARKER went to the men's room to urinate.

24. While he was urinating, he heard the door open.

25. CHARLES JONES approached AFNAN PARKER from behind and grabbed and squeezed AFNAN PARKER's scrotum while he was at a urinal still urinating.

26. The squeeze lasted for about 4 seconds and it was so hard that AFNAN PARKER felt a lot of pain.

27. After CHARLES JONES let go, AFNAN PARKER pushed him up off of him, scared that CHARLES JONES would assault him again.

28. As AFNAN PARKER was pushing CHARLES JONES, AFNAN PARKER asked, "What are you doing?"

29. CHARLES JONES replied, "When you going to give me some?"

30. AFNAN PARKER rushed out the door.

31. CHARLES JONES followed him out.

32. As AFNAN PARKER was walking back towards class, but while he was still in the in hallway, CHARLES JONES got up in AFNAN PARKER's face, grabbed AFNAN PARKER's clothed penis through his pants and asked, "When you going to give me some?"

33. AFNAN PARKER replied that CHARLES JONES should go ahead and leave him alone.

34. As CHARLES JONES was releasing his grip, he yanked on AFNAN PARKER's clothed penis, causing him a lot of pain, and also stepped on AFNAN PARKER's left foot.

35. AFNAN PARKER pushed CHARLES JONES off of him.

36. AFNAN PARKER headed back to the classroom, picked up his belongings, and left.

37. On his way out, AFNAN PARKER told security about what had happened but was told that he should call MPD because the incident did not involve the security of the building.

38. AFNAN PARKER went home, took some ibuprofen for the pain. He cried and then fell asleep.

39. AFNAN PARKER woke up the next day and called MPD.

40. MPD Sgt. Gray took a statement and then another officer took a statement.

41. A detective from the sex crimes unit, Det. Mitch Cradle, was called. He recorded AFNAN PARKER's statement with a tape recorder and wrote the statement down.

42. On or about September 25, 2014, AFNAN PARKER attempted to reach Joslyn Sanders, the EEO manager at DOES, to complain about CHARLES JONES's actions. He received a phone call back from Ms. Kashmir Spells, an executive assistant, who advised AFNAN PARKER to contact a hotline for sex harassment and that he may wish to make a claim to Office of Human Rights and the Human Resources department.

43. On September 25, 2014, AFNAN PARKER phoned in a complaint about CHARLES JONES to the Office of the Inspector General. The Complaint was forwarded to the Investigations Division of the office for review and action.

44. During the next two or three days AFNAN PARKER continued to experience pain and also noticed blood in his urine and in his underwear.

45. On October 2, 2014, AFNAN PARKER noticed a substantial amount of blood on his genitals and went to The George Washington University Hospital Emergency Room.

46. AFNAN PARKER was diagnosed with hematuria and given a prescription for pain medication. He was also advised to follow-up with the urology clinic if he had further symptoms.

47. AFNAN PARKER continues to experience pain in his left foot where it was stepped on by CHARLES JONES. He is seeking treatment from an orthopedic specialist.

48. AFNAN PARKER has also been receiving mental health therapy as a result of the incident.

49. As a result of the assault, Plaintiff AFNAN PARKER suffered headaches, trouble sleeping, and depression as a result of the incident with CHARLES JONES.

50. Plaintiff AFNAN PARKER, through counsel, timely submitted the required notice of claim pursuant to D.C. Code § 12-309 on November 19, 2014.

## COUNT I:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(All defendants)

51. This Count realleges and incorporates by reference all of the preceding paragraphs.

52. The actions of CHARLES JONES were outrageous and caused AFNAN PARKER severe emotional distress.

53. The DISTRICT OF COLUMBIA is liable for the acts of its employees under the doctrine of *respondeat superior*.

54. CHARLES JONES acted, in part, out of a desire to serve his employer's interest by punishing AFNAN PARKER for what CHARLES JONES believed to be unfounded complaints.

## COUNT II:
## D.C. HUMAN RIGHTS ACT
(All Defendants)

55. This Count realleges and incorporates by reference all of the preceding paragraphs.

56. The actions of CHARLES JONES constitute *quid pro quo* sexual harassment in violation of the D.C. Human Rights Act.

57. AFNAN PARKER rebuffed the advances of CHARLES JONES and suffered adverse consequences as a result.

58. The DISTRICT OF COLUMBIA is liable for the acts of its employees under the doctrine of *respondeat superior*.

59. CHARLES JONES acted, in part, out of a desire to serve his employer's interest by punishing AFNAN PARKER for what CHARLES JONES believed to be unfounded complaints.

## COUNT III:
## BATTERY
(All Defendants)

60. This Count realleges and incorporates by reference all of the preceding paragraphs.

61.   CHARLES JONES intentionally stepped on AFNAN PARKER's foot and grabbed AFNAN PARKER's genitals in an offensive manner, and against his will.

62.   The DISTRICT OF COLUMBIA is liable for the acts of its employees under the doctrine of *respondeat superior*.

63.   CHARLES JONES acted, in part, out of a desire to serve his employer's interest by punishing AFNAN PARKER for what CHARLES JONES believed to be unfounded complaints.

## COUNT IV:
### FIRST AMENDMENT (42 U.S.C. § 1983)
### (CHARLES JONES)

64.   This Count realleges and incorporates by reference all of the preceding paragraphs.

65.   CHARLES JONES violated the First Amendment right of AFNAN PARKER by retaliating against him in response to his complaint "upstairs."

66.   The actions of CHARLES JONES were taken under color of District law.

67.   The government-derived authority of CHARLES JONES placed him in a position of power with respect to AFNAN PARKER and CHARLES JONES used that position of power to facilitate and commit the unconstitutional acts alleged in this Complaint.

## COUNT V:
### FIFTH AMENDMENT (42 U.S.C. § 1983)
### (CHARLES JONES)

68.   This Count realleges and incorporates by reference all of the preceding paragraphs.

69. CHARLES JONES violated the right of AFNAN PARKER to bodily integrity under the Fifth Amendment by subjecting him to unwanted physical and sexual abuse.

70. The actions of CHARLES JONES were taken under color of District law.

71. The government-derived authority of CHARLES JONES placed him in a position of power with respect to AFNAN PARKER and CHARLES JONES used that position of power to facilitate and commit the unconstitutional acts alleged in this Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendants' conduct to be unlawful;

(2) Award Plaintiff compensatory damages in an amount to be determined at trial;

(3) Award Plaintiff punitive damages against all Defendants except Defendant DISTRICT OF COLUMBIA, in an amount to be determined at trial;

(4) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action;

(5) Grant Plaintiff such other and further relief which the Court deems proper.

### JURY TRIAL

Plaintiff demands a jury trial for all issues that may be tried by jury.

Respectfully Submitted,

/s/ Jeffrey L. Light
_____
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*