**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AFNAN PARKER, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.:   14-02127 (RC) |
| v. : | |
| : | Re Document Nos.:   8, 21 |
| DISTRICT OF COLUMBIA, *et al.*, : | |
| : | |
| Defendants. : | |

**MEMORANDUM OPINION & ORDER**

**DENYING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

**I.  INTRODUCTION**

Plaintiff Afnan Parker ("Mr. Parker"), proceeding *pro se*, brought this action against Defendants District of Columbia ("the District") and Charles Samuel Jones Jr. ("Mr. Jones") (collectively "Defendants"), alleging sexual assault and common law claims of intentional infliction of emotional distress, battery, and violation of the District of Columbia Human Rights Act. Additionally, Mr. Parker brought claims against Mr. Jones, pursuant to 42 U.S.C. § 1983, for violations of his First and Fifth Amendment rights. Defendants filed a motion to dismiss, to which Mr. Parker filed a response. Furthermore, Mr. Parker moved for leave to file an amended complaint, and Defendants filed an opposition to Mr. Parker's motion. Upon consideration of the parties' filings, the Court denies Defendants' Motion to Dismiss and denies Plaintiff's Motion for Leave to Amend.

## II. ANALYSIS

On November 23, 2015, this Court was prepared to hold a motions hearing regarding the parties' filings. The hearing was rescheduled to this date at Defendants' request; however, Defendants failed to appear. As a result, the Court's ruling herein is based on the District's cursory and inadequate briefing of the issues in the case.

### A. Defendants' Motion to Dismiss

In their Motion to Dismiss, Defendants argue that Mr. Parker is collaterally estopped from re-litigating the issue of the alleged sexual assault. Chiefly, Defendants assert that Judge Eilperin, at an earlier hearing in D.C. Superior Court, decisively ruled on the issue of Mr. Parker's sexual assault allegations by dismissing Mr. Parker's request for a Temporary Restraining Order ("TRO"), and granting Mr. Jones's request for a TRO. *See* Mem. P. & A. Supp. Defs.' Mot. Dismiss 8–9, ECF No. 8. In response, Mr. Parker contends, among other arguments, that the TRO proceeding was resolved with a consent order (rather than a decision on the merits or specific findings of fact), and therefore should not preclude subsequent litigation on the issue. Pl.'s Resp. to Defs.' Mot. to Dismiss.

Ordinarily, it is recognized that "consent agreements . . . are intended to preclude any further litigation on the claim presented but are not intended to preclude further litigation on any of the issues presented." *Arizona v. California*, 530 U.S. 392, 414 (2000) (quoting 18 Charles Alan Wright et al., *Federal Practice and Procedure* § 4443 (1981 ed.)). Consent judgments do not preclude further litigation because, in the event of a judgment entered by consent, "none of the issues is actually litigated," and, as such, issue preclusion "does not apply with respect to any issue in a subsequent action." *Id.* (quoting Restatement (Second) of Judgments § 27 (Am Law Inst. 1982)). Here, the record of the Superior Court hearing before Judge Eilperin is sparse, and

contains no evidence of what the judgment entailed. Thus, this Court would be required to speculate as to the basis for the consent order, if it were to grant Defendants' Motion on these grounds.

Furthermore, the entry of a TRO does not preclude subsequent litigation on the same issues in a later case. In order to obtain a TRO, the moving party must demonstrate, among other things, "a substantial likelihood of success on the merits." *Sibley v. Obama*, 810 F. Supp. 2d 309, 310 (D.D.C. 2011). Hearings on impermanent injunctions, such as TROs, only serve to "preserve the status quo awaiting resolution of the merits." *See Texas v. Wellington Res. Corp.*, 706 F.2d 533, 537 (5th Cir. 1983). Therefore, a court rendering a subsequent decision on the issues underlying the TRO hearing "will not assume that the evidence taken at a preliminary hearing will be the same as the evidence developed at a full trial on the merits." *Id.* (quoting *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex. 1978)). Therefore, the TRO order from Judge Eilperin cannot, as Defendants suggest, give rise to collateral estoppel, because it constituted only a finding of the likelihood of success on the merits. *See id.*; *see also In re Arvanitis*, 523 B.R. 633, 640 (Bankr. N.D. Ill. 2015).

Finally, collaterally estopping Mr. Parker from litigating his case in federal court would work a basic unfairness. Such circumstances arise, for instance, when "the losing party clearly lacked any incentive to litigate the point in the first trial, but the stakes of the second trial are of a vastly greater magnitude." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992). Upon filing his Superior Court Civil Division complaint, Mr. Parker characterized his case against the District as a tort. *See* Pl.'s Mot. Leave Amend Compl. Exs., ECF No. 21 (reproducing Mr. Parker's Superior Court Civil Action Information Sheet). At the conclusion of the Superior Court hearing, Judge Eilperin did not dismiss Mr. Parker's case on a Rule 12 basis.

Rather, the case was dismissed on the merits, based on a credibility determination. *See* Defs.' Mot. to Dismiss Ex. A, at 14, ECF No. 8-1. However, D.C. Superior Court Rule 56 does not provide for credibility determinations. *See* Super. Ct. Civ. R. 56. Accordingly, it is unclear upon what authority Judge Eilperin relied in dismissing the case on the merits. Without legal authority to justify the ruling on the merits, this Court finds that giving it preclusive effect would work a basic unfairness on Mr. Parker.[1] *Cf. Martin v. Dep't of Justice*, 488 F.3d 446, 455 (D.C. Cir. 2007) (finding no basic unfairness when plaintiff had "ample opportunity to have his challenge heard" and finding "no circumstances sufficient to exempt him from the rules of preclusion").

### B.  Plaintiff's Motion for Leave to Amend

An amended complaint is futile "if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002). A motion for leave to amend may also be denied if a plaintiff fails to comply with Local Rule 15.1, which dictates that a motion for leave to amend "shall be accompanied by an original of the proposed pleading as amended." D.D.C. Local Civ. R. 15.1; *see also Belizan v. Hershon*, 434 F.3d 579, 582–83 (D.C. Cir. 2006) (affirming denial of oral motion for leave to amend for failure to comply with Rule 15(a) and Local Rule 15.1); *Johnson v. District of Columbia*, 49 F. Supp. 3d 115, 122 (D.D.C. 2014) (denying leave to amend due to plaintiff's failure to attach her proposed amended complaint). Here, Mr. Parker's request is insufficient, as it fails to indicate the grounds upon which amendment of the complaint is sought.

---

[1] Moreover, if the Superior Court proceeding was based solely on the stay-away remedy, Mr. Parker would not have had the same incentive to litigate as he would have if the hearing decision were based on the substantive merits. *See Yamaha*, 961 F.2d at 254.

Furthermore, Mr. Parker's request is not accompanied by a proposed pleading, rendering this Court unable to assess the merits of his request. As such, Mr. Parker's request for leave to amend is denied.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED** and Plaintiff's Motion for Leave to Amend is **DENIED**. In addition, the parties are ordered to meet and confer, and submit a report on or before **December 16, 2015**, pursuant to Local Rule 16.3.

Dated: December 1, 2015                                              RUDOLPH CONTRERAS
                                                                                         United States District Judge