# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AFNAN PARKER, <br>     Plaintiff <br> v. <br><br> DISTRICT OF COLUMBIA et al <br>     Defendants. | Case No. 1:14-cv-02127 (RC) |

## CONSENT MOTION FOR DISCOVERY TO BE REOPENED

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Plaintiff Afnan Parker, through counsel, hereby requests that the Court reopen discovery for a limited period of ninety days and reset the dispositive motions deadline for forty-five days after the close of discovery. Good cause exists for reopening discovery for this limited period. Throughout the discovery period, Plaintiff was *pro se* and lacking guidance on how to conduct discovery in his case. After considerable effort, Plaintiff has now obtained counsel, and seeks to quickly conduct discovery, to which Defendants have consented.

In deciding whether good cause exists to reopen discovery, courts look at six factors: "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence." *Childers v. Slater*, 197 F.R.D. 185, 187 (D.D.C. 2000). "In weighing these factors, one overarching principle guides this court: that *pro se* litigants generally are entitled to wider latitude than those who are represented by counsel." *Id*. (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam); *Alley v. Dodge Hotel,* 501 F.2d 880, 883 (D.C. Cir. 1974)). "In

according latitude to *pro se* litigants, the court heeds an important admonition: '[o]rderly rules of procedure do not require sacrifice of the rules of fundamental justice.'" *Id*. at 190 (quoting *Hormel v. Helvering,* 312 U.S. 552, 557 (1941)). Under these standards, the Court should grant Plaintiff's request for limited discovery.

Trial is not imminent and the Defendants' consent to this Motion. Plaintiff's *pro se* status and the failure of either party to conduct discovery to date demonstrates that the need for discovery was foreseeable. Finally, the discovery Plaintiff intends to pursue is likely to lead to relevant evidence. During the proposed ninety-day discovery period, Plaintiff intends to conduct depositions of certain key individuals in the case, including Charles Jones, his assistant, as well as the mental health specialist and computer training facilitator who purportedly witnessed to Plaintiff's conduct Defendants allege justified his termination. *See* Docket No. 8-1 at 6. Defendants' consent to this request demonstrates that they are not prejudiced by the reopening of discovery. Therefore, good cause exists to reopen discovery due to lack of prejudice towards Defendants and Plaintiff's recent *pro se* status.

Plaintiff has also been diligent to the extent possible as a *pro se* plaintiff. "While *pro se* status does not excuse dilatory tactics or undue delay, the court must evaluate the plaintiff's diligence in light of the fact that [he] was *pro se*…" *Id*. In this case, Plaintiff has been without counsel since the Court granted his prior attorney's request to withdraw on March 12, 2015. Docket No. 7. Plaintiff, being unfamiliarly with court procedures and discovery, expressly asked the Court for assistance in conducting discovery. Docket No. 28 at 2 ("I am asking this court to move onto the next step and schedule depositions and deragorities [sic]"). Plaintiff recalls that he again asked the Court for assistance with discovery during the July 12, 2016 Status Conference.

Since retaining counsel, Plaintiff has been diligent in pursuing discovery by quickly filing this Motion.   Accordingly, good cause exists for reopening discovery.

For the above stated reasons, the Court should grant Plaintiff's Consent Motion for Discovery to be Reopened.


Date: August 31, 2016

                                                  Respectfully submitted,

                                                 /s/ Jeremy Greenberg
                                               Jeremy Greenberg (1024226)
                                               Denise M. Clark (420480)
                                               Clark Law Group, PLLC
                                               1250 Connecticut Ave, N.W., Suite 200
                                               Washington, D.C. 20036
                                               (202) 293-0015
                                               jgreenberg@benefitcounsel.com
                                               dmclark@benefitcounsel.com
                                               *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 31, 2016, a true and accurate copy of the foregoing was electronically filed with the Clerk's Office served using this court's CM/ECF system, which will then serve a notice of electronic filing (NEF) on the judge and the following:

SARAH L. KNAPP
Assistant Attorney General
441 Fourth Street, N.W., Suite 630 S
Washington, D.C. 20001
(202) 724-6528
sarah.knapp@dc.gov
*Counsel for Defendants*

                                            /s/ Jeremy Greenberg
                                            Jeremy Greenberg