## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AFNAN PARKER,<br>        Plaintiff<br>        v.<br><br>DISTRICT OF COLUMBIA et al<br>        Defendants. | )<br>)<br>)<br>)<br>)     Case No. 1:14-cv-02127 (RC)<br>)<br>)<br>) |

## CONSENT MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure, Plaintiff Afnan Parker, through counsel, hereby moves for leave to file an Amended Complaint. Plaintiff requests that the Court allow him leave to amend his complaint for the purpose of adding one additional factual allegation and clarifying his legal causes of action against Defendant District of Columbia ("The District"). As set forth in more detail below, good cause exists and justice requires that the Court grant the requested leave to amend. Defendant, through counsel, has consented to this Motion and Plaintiff's proposed Amended Complaint.

It is well-established that leave to amend a complaint is liberally granted when appropriate. *See, e.g., Forman v. Davis*, 371 U.S. 178, 182 (1962); *Boyd v. District of Columbia*, 465 F. Supp. 2d 1, 3 (D. D.C. 2006). In exercising its discretion on whether to grant leave to amend, the Court should be guided by "Rule 15's mandate that leave is to be 'freely given when justice so requires.'" *Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 310 (D.D.C. 2003) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). As such, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Forman*, 371 U.S. at 182. This principle is especially true where a plaintiff is *pro se*, or in this case formally *pro se*. *Moore*

*v. Agency for Int'l Dev.*, 994 F.2d 874, 877 (D.C. Cir. 1993) (quoting *Wyant v. Crittenden,* 113 F.2d 170, 175 (D.C. Cir. 1940)).

In determining whether "justice so requires" an amendment, the Court considers (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Atchinson v. District of Columbia*, 73 F.3d 418, 425-26 (D.C. Cir. 1996). Plaintiff readily meets these factors.

First, there has been no undue delay. Although ten months have passed since the Court denied Plaintiff's first Motion for Leave to Amend, Docket No. 32, Plaintiff has been without counsel since the Court granted his prior attorney's request to withdraw on March 12, 2015. Only recently has Plaintiff been able to obtain counsel. Since retaining counsel, Plaintiff has not delayed in the filing of this Motion. Furthermore, Plaintiff has moved for leave to amend before a motion for summary judgment has been filed or a trial has commenced. *See e.g., Bode & Grenier, LLP v. Knight*, 808 F. 3d 852, 860 (D.C. Cir. 2015) (motion made day before trial); *Elkins v. District of Columbia*, 690 F.3d 554, 565 (D.C. Cir. 2012) (new argument made in opposing summary judgment interpreted as request for amendment); *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 247 (D.C. Cir. 1987) (motion made after decision on summary judgment). Therefore, Plaintiff's request to amend his Complaint would not be considered to suffer from an undue delay under the standards of this Circuit.

Second, there is no bad faith by Plaintiff. On July 25, 2015, Plaintiff, while *pro se*, sought leave to amend his complaint to include a claim of unpaid wages. Docket No. 21. The Court then denied Plaintiff's Motion on December 1, 2015 on the grounds that Plaintiff failed to

include a proposed amended pleading as required by Local Rule 15.1.[1]  Having recently obtained counsel, Plaintiff is now attempting to rectify that error.  Furthermore, being without counsel for approximately seventeen months, Mr. Parker was unable to articulate his precise causes of action.

Third, the Court, as noted above, has not previously permitted Plaintiff to amend his complaint. Therefore there have been no failures on Plaintiff's part to cure deficiencies in his original Complaint by amendment.

Fourth, although discovery has closed (pending the approval of Plaintiff's Consent Motion for Discovery to Be Reopened) and the Court has scheduled dispositive motions, there will be only limited prejudice to Defendant should the Court grant Plaintiff's Motion.  The District has conducted no discovery since the Court issued its Scheduling Order.  Thus, there can be no claim of duplicative discovery as a result of amending the Complaint.  Additionally, the District has been aware that Plaintiff intended to assert a claim regarding his unpaid benefits since Plaintiff's attempted amendment of July 25, 2015; thus the District has been on notice of this claim since that time.[2]  Furthermore, Defendants have failed to file an Answer to Plaintiff's originally filed Complaint.[3]  Therefore, Defendants will not be prejudiced by being required to submit an Answer to Plaintiff's proposed Amended Complaint.

Plaintiff's amendment will not be futile.  Plaintiff has alleged that he was not paid a minimum wage for work performed in September 2014 as required by the Fair Labor Standards Act**.**  29 U.S.C. § 206(a).  The Fair Labor Standards Act expressly encompasses employment by

---

[1] The Court also stated that Plaintiff failed to indicate the grounds upon which the amendment of the complaint is sought.

[2] The District has arguably been on notice of this claim from an even earlier date when Plaintiff filed a copy of correspondence from the D.C. Office of Wage-Hour and Equal Justice Center on May 11, 2015.  Docket No. 13 at 3-4, 25.

[3] On December 1, 2015, the Court denied Defendants' Motion to Dismiss.  Pursuant to Rule 12(a)(4)(A), Defendants were required to file their Answer by December 15, 2015, but have failed to do so.

the District.  29 U.S.C. § 203(c) (defining "State" to include the District); 29 U.S.C. § 203(e)(2) (defining employee as an individual employed by a State).  Additionally, Plaintiff has filed this Motion within the statute's two year statute of limitations period.  Therefore, Plaintiff's amended allegations are not futile.

Finally, if "an amendment would do no more than clarify legal theories or make technical corrections," it should be permitted.  *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999); accord, *B.R. v. District of Columbia*, 2007 U.S. Dist. LEXIS 89309, *2 (D.D.C. 2007) (granting leave to amend to allow plaintiff to "clarify her factual allegations"); *Openshaw v. Consol. Eng'g Servs.*, 2007 U.S. Dist. LEXIS 26280, *14-15 (D.D.C. 2007) (ordering amendment "so as to clarify that Counts VII and VIII comprise claims for the common law tort of public nuisance" where existing allegations indicated Plaintiffs sought relief for special damages "distinct from that common to the public").  In this case, the majority of Plaintiff's proposed amendments are clarifying his legal theories.

Justice readily requires that the Court grant Plaintiff's request for leave to file an amended Complaint.  For approximately seventeen months Plaintiff was without representation and therefore unable to properly articulate his request to amend his claims to the Court until now.  Consequently, he requests leave to amend his Complaint to include a claim under the Fair Labor Standards Act.  Plaintiff's Motion is not the result of an undue delay, bad faith, or dilatory motive.  Nor will the addition of this claim prejudice Defendants who have not filed an Answer to Plaintiff's Complaint, have not conducted discovery, and have been aware of Plaintiff's claim of owed benefits since July 25, 2015.  Therefore, the Court should grant Plaintiff's request for leave to file the included Amended Complaint.

Date: September 9, 2016

Respectfully submitted,

/s/ Jeremy Greenberg
Jeremy Greenberg (1024226)
Denise M. Clark (420480)
Clark Law Group, PLLC
1250 Connecticut Ave, N.W., Suite 200
Washington, D.C. 20036
(202) 293-0015
jgreenberg@benefitcounsel.com
dmclark@benefitcounsel.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on September 9, 2016, a true and accurate copy of the

foregoing was electronically filed with the Clerk's Office served using this court's CM/ECF

system, which will then serve a notice of electronic filing (NEF) on the judge and the following:

SARAH L. KNAPP
Assistant Attorney General
441 Fourth Street, N.W., Suite 630 S
Washington, D.C. 20001
(202) 724-6528
sarah.knapp@dc.gov
*Counsel for Defendants*

/s/ Jeremy Greenberg
Jeremy Greenberg